I iBYRNES, Judge.
This court grants the State’s writ application, requesting a review of the trial court’s ruling granting the defendant Anthony Pierce’s motion to suppress his statement. We reverse and remand.
*479 Detective Charles Watkins headed the investigation of the January 15, 1996 murder of Ms. Sylvia Allen which occurred about 6:30 a.m. when Ms. Allen was shot in the head while she was driving a vehicle in the 2300 block of Robert Street in New Orleans. The vehicle came to rest in the 2200 block.
At approximately ”2:00 p.m. that day, the defendant’s counsel called Officer Fred Austin who was investigating the murder, and advised Officer Austin that he was the attorney for the defendant and that the officers should not question the defendant under any circumstances without counsel’s presence. Detective Watkins testified that he was made aware of this conversation and was told that counsel would bring his client into the police station.
Detective Watkins testified that at approximately 4:30 p.m. that afternoon, the defendant and his father appeared at the police station. The defendant said that he “couldn’t wait until tomorrow and he wanted to get it off his chest and tell the truth.” Investigating officers did not attempt to contact defense counsel at that time. Detective Watkins’ testified that the defendant |2was aware his attorney could not be present that day (apparently due to illness), but that he would be available the next day. The defendant said that he “could not wait that long” and “had to come in and tell the truth.” The defendant, who is approximately 21 or 22 years of age, was accompanied by his father who remained with him when he gave his statement. Detective Watkins testified that the defendant was read his rights, and was told that he had the right to have his counsel present during any questioning. The defendant appeared to understand those rights, and voluntarily waived those rights before making a statement.
The trial court ruled that the statement made by the defendant to the investigating officers should be suppressed, finding that the police officers violated the defendant’s rights by failing to notify counsel before the statement was elicited from the defendant.
The defendant argues that the defendant twice indicated that he wanted his attorney present, and that the defendant’s counsel had an agreement with the law enforcement authorities that the defendant’s counsel would be present before the defendant talked to the police. The defendant asserts that once the defendant requests assistance of counsel, defense counsel avers that the State is prohibited from re-initiating contact with the defendant for the purposes of interrogation.
The right to counsel “is the right of the client rather than the attorney, so that it may be waived by the client without counsel’s participation.” State v. Carter, 94-2859, p. 17, fn. 12 (La. 11/27/95), 664 So.2d 367, 380. Once a suspect has expressed a desire to deal with police only through counsel, he or she is not subject to further interrogation by authorities until counsel has been Rmade available to him or her, unless the suspect initiates further communication, exchanges or conversations with police. State v. Tart, 93-0772 (La.2/9/96), 672 So.2d 116. The defendant is entitled to waive the presence of counsel even if counsel does not agree or is not present.
Detective Watkins testified that the defendant indicated that he was aware of his right to have his attorney present, but he wished to waive that right. The facts show that the defendant’s statement was not a result of police initiated questioning, but was made at the request of the defendant. The defendant Anthony Pierce made a knowing and voluntary waiver of his right to have counsel present when he turned himself in and told the officers he wanted to make a statement.
Accordingly, the trial court’s ruling is reversed. The defendant’s motion to suppress his statement is denied. The case is remanded for further proceedings.

WRIT GRANTED; REVERSED & REMANDED.