BYRNES, Judge.
On March 7, 1996, the defendant was charged with one count of second degree murder, a charge to which he has pled not guilty. His motion to suppress the statement was heard and granted on May 21st. The State sought writs, and on review this court reversed the trial court’s ruling and remanded the case for further proceedings, holding that: “The defendant is entitled to waive the presence of counsel even if counsel does not agree or is not present.” State v. Pierce, 96-1316 (La.App. 4th Cir. 9/25/96), 681 So.2d 478.
On December 30th, the trial court allowed the defense to reopen the hearing on the motion to suppress the statement, and after taking additional testimony the court again suppressed the statement. The State applied for writs to overturn this ruling, which application we grant and reverse the ruling of the trial court.
At the hearing on remand the defendant’s uncle[1] and father testified, and the transcript of Detective Watkin’s testimony from the first hearing was ^admitted by agreement of the parties in lieu of his live testimony. At the conclusion of the hearing the trial court initially ruled as follows:
Okay. I still have a problem with the taking of this statement. And I’m going to sustain your motion to suppress the statement, because not only in my mind were the police advised by you and now by members of the defendant’s family not to question him. Let’s assume the defendant wanted to make a statement. I fail to see why, with all this notification to the police, they could not have called you and said, “Mr. Kohnke, your client wants to make a statement and we intend to take it.” I’m *741 going to sustain the motion to suppress again. If the 4th Circuit wants to reverse, they can reverse it again. [Emphasis added.]
This initial ruling by the trial court is patently contrary to this Court’s reversal and remand in connection with defendant’s first motion to suppress. Apparently recognizing that this ruling was not sustainable on appeal, defense counsel requested a bench conference pursuant to which the trial court made the following additional ruling:
All right, back to the Pierce matter. In reviewing the ruling of the 4th Circuit reversing the motion to suppress. The Court points out that in State versus Carter, 664 So.2d 367 [(La.1995)], that the right to counsel is a right of the client rather than the attorney. So that may be waived by the client. It also says in the ruling in [State v. Tart] 662 [672] So.2d 116 [ (La.1996) ] that the defendant is entitled to waive the presence of his counsel even if counsel does not agree or is not present. My finding of the facts in this case is this didn’t happen. I don’t find where the defendant said to the police or anybody present, “Look, I don’t want my lawyer here. Even though I’ve got a lawyer, I want to waive my lawyer and make a statement.” That’s not in the record. It’s not in the record. [Emphasis added.]
The trial court was in error in concluding that the record contains no evidence of defendant’s waiver of right to counsel. The testimony of Detective Watkins from the first hearing which was admitted by stipulation at the second hearing shows that the defendant did not wish to wait for his counsel to be present when he made his statement. The record also shows that the defendant was advised of his rights. The testimony of the defendant’s father and uncle Rdoes not contradict the evidence that the defendant was properly advised of his rights. Detective Watkins testified without contradiction that he did not force, threaten coerce, or promise anything to the defendant in order to induce him to give a statement. The defendant’s uncle testified that he was not present at all times and could not say that the defendant did not “initiate a conversation with the police.”
The defendant’s father specifically testified that the defendant was neither forced nor threatened into giving the statement. Defendant’s father also testified that he was present when Detective Watkins read the defendant his rights. Defendant’s father acknowledged that he witnessed with his signature the Waiver of Rights form executed by the defendant and that he was present at all times while his son gave his statement.
The record does not support the findings of the trial court. Accordingly, the trial court’s ruling is reversed. The defendant’s motion to suppress is denied. The ease is remanded for further proceedings.

WRIT GRANTED; REVERSED AND REMANDED.

LOBRANO, J., concurs with reasons.
PLOTKIN, J., dissents with reasons.

. We are perplexed by the fact that at the first hearing even counsel for the defendant made no reference to the presence of the defendant’s uncle when he went to police headquarters to turn himself in. The transcript of the first hearing creates the distinct impression that only the defendant and his father were present. However, this issue is not before this Court and we are unable to resolve it at this time.